# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRANDON J. WALKER | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) |
| | ) CASE NO. 1:17-cv-117 |
| MOBILE POLICE DEPARTMENT | ) |
| AND THE CITY OF MOBILE | ) NOTICE OF REMOVAL OF |
| | ) CIVIL ACTION TO UNITED |
| DEFENDANTS. | ) STATES DISTRICT COURT |
| | ) UNDER 28 U.S.C. § 1331 |
| | ) (FEDERAL QUESTION) |

## NOTICE OF REMOVAL

COME NOW Defendants, The City of Mobile and the Mobile Police Department[1] (referred to herein as "Defendants"), and hereby remove this action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1331 and 1441.

**I.     NATURE OF THE ACTION**

1.     On November 2, 2016, Plaintiff filed the action entitled *Brandon Walker v. City of Mobile, et al.,* Case No. CV-2016-000279 ("the Complaint") in

---

[1] The Mobile Police Department is not a separate legal entity from the City of Mobile, however, for purposes of responding on behalf of this Notice of Removal, they will be referred to collectively herein.

the Circuit Court of Mobile County, Alabama. His initial Complaint merely alleged "malicious prosecution, false incrimination, and false arrest" and his supporting affidavit contained incomprehensible allegations. (See Ex. A, Complaint).

    2.    On February 16, 2017, Plaintiff filed his First Amended Complaint. The First Amended Complaint, as best as can be ascertained by counsel, describe what appear to be civil rights based complaints. The Complaint alleges that Defendants violated 42 U.S.C. § 1983 and the Fourth Amendment (presumably of the United States Constitution) by "instantly, starting repeatedly and knowingly taking false statements, making false statements, creating false reports at my residence," "starting to seize plaintiff persons and property," "[b]eing barbaric, and starting a pattern of aggravated behavior, manipulation and allowed swindle." (See Ex. A, First Amended Complaint, at 2). Plaintiff also alleges that police officers "[were] negligent, rude, and beyond scope of power and out of context" and alleges that police officers harassed him and generally deprived him of rights under § 1983 and Ala. Code §13A-11-8. (See First Am. Compl. at 3).

## II.    FEDERAL QUESTION JURISDICTION

    3.    "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Thus, a case is removable when the Complaint affirmatively alleges a federal claim. *Id.* However, even if a complaint does not specifically

allege violations of federal law, if the claims appear to be federal in nature, "then the federal court must re-characterize the complaint to reflect the reality" of the essence of the claims. *See BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers,* 132 F.3d 824, 831-21 (1st Cir. 1997).

4. Plaintiff is *pro se* and has filed a complaint that is mostly unintelligible and does not allege any specific legal causes of action. However, reading the complaint liberally, Plaintiff attempts to allege claims that arise under the Civil Rights Act, 42 U.S.C. § 1983. Thus, removal of this action is proper under 28 U.S.C. §§ 1331 and 1441(c).

5. Plaintiff's claims appear to seek relief for constitutional violations under the Fourth Amendment, as well as other violations of 42 U.S.C. § 1983 regarding interference with his residence, property, and liberty. *See Northfield, LLC v. Utilities Bd. of City of Bayou La Batre, Ala.,* No. 09-0575-WS-M, 2009 WL 3784338, *1 (S.D. Ala. Nov. 9, 2009) ("[P]laintiff is asserting claims against defendants 'arising under the Constitution, law, or treatises of the United States. . . This fact gives rise to federal question jurisdiction, as a matter of fundamental, black letter law."); *Harris v. Birmingham Bd. of Educ.*, 817 F.2d 1525, 1526-27 (11th Cir. 1987) (action based on violation of 42 U.S.C. § 1983 was properly removed since the district court had original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343); *Jairaith v. Dyer,* 154 F.3d 1289, 1282 (11th Cir. 1998) ("federal

question jurisdiction may be based on a civil action alleging a violation of the Constitution"); *Washington v. Kirksey*, 811 F.2d 561, 563 (11th Cir. 1987) ("When a claim is based upon a constitutional provision, federal subject matter jurisdiction has been established provided the alleged claim is not wholly frivolous.").

6. Plaintiff's references to Ala. Code § 13A-11-8 do not make his claims any less removable under the federal question doctrine. Ala. Code § 13A-11-8 is a section of the Alabama Criminal Code setting out the elements of the crime of "harassment of harassing communications." This section does *not* create a private right of action by an individual as attempted by Plaintiff.

### III. TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL

7. The United States District Court for the Southern District of Alabama, Southern Division, is the federal judicial district and division embracing the Circuit Court of Mobile County, Alabama, where this suit was originally filed. Removal to this District and Division is therefore proper pursuant to 28 U.S.C. § 81(c)(2) and § 1441(a).

8. The Circuit Court's file reflects that Defendant City of Mobile was served with the First Amended Complaint on February 23, 2017. Thus, this removal is timely under 28 U.S.C. § 1446(b) in that removal is sought within 30 days from the date of service of the summons.

9. Written notice of the filing of this Notice of Removal has been given to the Plaintiff and a copy is concurrently being filed with the Clerk of the Circuit Court of Mobile County, Alabama, in accordance with the provisions of 28 U.S.C. § 1446(d).

10. The proper filing fee has been tendered to the Clerk of the United States District Court for the Southern District of Alabama, Southern Division.

## IV. Relief Requested

WHEREFORE, Defendants desiring to remove this case fo the United States District Court for the Southern District of Alabama, being the said district of said Court for the County in which the action is pending, prays that this Court will make any and all orders necessary to effect the removal of this cause of the Circuit Court of Mobile County, Alabama, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Circuit Court of Mobile, Alabama.

Respectfully submitted,

*/s/ Kasee Sparks Heisterhagen*
Kasee Sparks Heisterhagen (SPA029)

Attorney for Defendant
City of Mobile

**OF COUNSEL:**
BURR & FORMAN LLP
RSA Tower
11 North Water Street
Suite 22200
Mobile, Alabama  36602
Telephone:  (251) 344-5151
Facsimile:  (251) 344-9696
Email:            ksparks@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 15th day of March, 2017:

Brandon Walker
1701 Princess Helen Road W
Mobile, AL 36618


                                        */s/ Kasee Sparks Heisterhagen*
                                        OF COUNSEL