# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRANDON J. WALKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION 17-0117-WS-M |
| MOBILE POLICE DEPARTMENT, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on Defendants' Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (doc. 2). The Motion has been briefed and is now ripe for disposition.

**I.  Background.**

Plaintiff, Brandon J. Walker, who is proceeding *pro se*, commenced this action in Mobile County Circuit Court against defendants, Mobile Police Department and the City of Mobile. On February 3, 2017, Circuit Judge Brooks entered an Order requiring Walker to submit a more definite statement of his vague claims. (Doc. 1-1, at 50.) Walker endeavored to comply by filing what he styled his "First Amended Complaint" on February 16, 2017. (*Id.* at 58-61.) In that First Amended Complaint, Walker alleged for the first time that defendants had violated his federal constitutional rights.[1] On that basis, defendants filed a Notice of Removal (doc. 1) removing this action to this District Court, and properly predicated federal jurisdiction on the federal question provisions of 28 U.S.C. § 1331. Shortly thereafter, defendants filed a Motion to Dismiss or, in the Alternative, Motion for More Definite Statement.

---

[1] In particular, the First Amended Complaint stated that it was brought "[p]ursuant under USC 42 Section 1983 color of law" and purported to involve "[d]eprivations of rights, privileges, and immunities, guaranteed under federal law or the law of the US constitution" and "[v]iolation of plaintiffs 4th Amendment." (*Id.* at 58.)

Upon careful review of Walker's four-page pleading, it is extraordinarily difficult to ascertain what he is alleging and what his claims for relief might be. The First Amended Complaint references "three incidents" that Walker says amount to a "violation of the plaintiffs 4th amendment." (Doc. 1-1, at 59-60.) According to the pleading, the first incident occurred on or about May 12, 2015, when a Mobile Police Department ("MPD") officer

> "violated plaintiffs 4th amendment by instantly, starting repeatedly and knowingly taking false statements, making false statements, creating false reports at my residence, private property. Instantly, starting to seize plaintiff persons and property. Being barbaric, and starting a pattern of aggravated behavior, manipulation, and allowed swindle."

(Doc. 1-1, at 59.) The second incident, alleged to have taken place on or about June 6, 2015, involved a MPD officer being "called on a personal cell phone by the false reporter, Again knowingly of the false statements and harassment of reporter, set on the phone with reporter and I'm guessing was going to show up and arrest me for something." (*Id.*)

As for the third incident, the Complaint alleges that Walker called the police to his residence on or about August 22, 2015, based on "harassment and assault from some guys across street." (*Id.* at 60.) According to the Complaint, the MPD officer who responded to Walker's call "immediately started to harass and assault me, 13A-11-8 harassing communication," told Walker "they didn't want [him] here," and placed her hand on her gun. (*Id.*) Walker alleges that this MPD officer "was negligent, rude, and beyond scope of power and out of context. Violating US 42 Section 1983 deprivation of rights and in Violation of plaintiffs 4th Amendment. … Officer then created a fabricated false repot [*sic*] using false statements and her on [*sic*] misjudgment of facts warning me of trespassing." (*Id.*)

The Complaint concludes that "[a]ll three incidents leading to the more violation of US 42 sec 1983 deprivation of rights set forth by the constitution and violation plaintiffs of 4th amendment." (*Id.*) Walker maintains that he visited MPD headquarters on three occasions to lodge a complaint, but that police representatives at that location "swindled me out of a complaint," "talked in circles," "refuse to file a complaint," and "continued talking in swindle until he began to get irate and told me I had nothing on police department and to get out of the building. He was rude, Negligent and harassing." (*Id.* at 60-61.)

Defendants now move for dismissal of the First Amended Complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P., for the stated reason that the pleading fails to comply with minimum pleading requirements prescribed by Rule 8(a)(2) as well as the *Twombly* / *Iqbal* line of

authorities. Alternatively, defendants request that Walker be ordered to file a more definite statement pursuant to Rule 12(e), on the grounds that his First Amended Complaint is so vague or ambiguous that defendants cannot reasonably prepare a response.

## II.     Analysis.

### *A.     Applicable Legal Standards.*

For purposes of a Rule 12(b)(6) analysis, the Court accepts as true all well-pleaded factual allegations of the First Amended Complaint, and draws all reasonable inferences in the plaintiff's favor. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (in reviewing Rule 12(b)(6) motion, court must "accept[] the facts alleged in the complaint as true," "draw[] all reasonable inferences in the plaintiff's favor," and "limit[] our review to the four corners of the complaint"). That said, "if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *see also Almanza v. United Airlines, Inc.*, 851 F.3d 1060 (11th Cir. 2017) ("On a Rule 12(b)(6) motion to dismiss, the Court does not accept as true unwarranted deductions of fact.").

"To survive a 12(b)(6) motion to dismiss, the complaint … must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (citations and internal quotation marks omitted). What this means is that the plaintiff must plead "enough facts to state a claim that is plausible on its face," so as to "nudge[] [his] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Moore v. Grady Memorial Hospital Corp.*, 834 F.3d 1168, 1171 (11th Cir. 2016) ("To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face.") (citation and internal quotation marks omitted). These minimum pleading standards "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. It is not sufficient for a complaint to set forth "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citations and internal quotation marks omitted).

As noted, Walker is pursuing his claims against the City of Mobile and MPD without the benefit of legal representation. "[A] plaintiff's *pro se* status must be considered alongside the

pleading requirements of *Twombly* and *Iqbal*." *Johnson v. Infirmary Health System, Inc.*, 2013 WL 6062587, *2 (S.D. Ala. Nov. 18, 2013) (citation omitted).[2] It is well settled, of course, that "[a] document filed *pro se* is to be liberally construed, … and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citations and internal quotation marks omitted). "However, this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 Fed.Appx. 635, 637 (11th Cir. Oct. 5, 2015) (citations and internal quotation marks omitted). Dismissal remains appropriate, even as to a *pro se* plaintiff, where the complaint fails to satisfy *Twombly* pleading requirements. *See, e.g., Garcia v. Nebraska Student Loan Program, Inc.*, 2015 WL 11237030, *2 n.4 (S.D. Fla. July 1, 2015) (in the wake of *Twombly*, "the Court must dismiss even a *pro se* complaint if it does not plead sufficient facts to state a claim on its face"); *Love v. Everbank*, 2014 WL 12069857, *4 (N.D. Ga. Apr. 17, 2014) ("Plaintiff has thus failed to satisfy the pleading requirements of Rule 8, *Twombly* and *Iqbal*, even taking his *pro se* status into account.").

### B. Sufficiency of Walker's Pleading.

On the face of the First Amended Complaint, it appears that Walker is attempting to assert federal constitutional claims against defendants under 42 U.S.C. § 1983 for violating his Fourth Amendment rights, as well as state-law claims for violation of Alabama Code § 13A-11-8.[3]

---

[2] *See also Wells v. Wiregrass Medical Center*, 2016 WL 4545320, *2 (M.D. Ala. Aug. 15, 2016) ("In addition to the pleading requirements of *Twombly* and *Iqbal*, a plaintiff's *pro se* status must also be considered when evaluating the sufficiency of a complaint."); *Pearson v. Pea River Elec. Co-op., Inc.*, 2014 WL 6895181, *3 (M.D. Ala. Dec. 5, 2014) ("When evaluating the sufficiency of a complaint, a plaintiff's *pro se* status must be considered alongside the pleading requirements of *Twombly* and *Iqbal*.").

[3] The First Amended Complaint references purported violations of Alabama Code § 13A-11-8 on at least five occasions. However, there is a glaring legal defect with Walker's attempt to sue the City and the MPD for violating § 13A-11-8. That section – an Alabama criminal statute – provides that it is a Class C misdemeanor for a person to commit the crime of harassment or harassing communications. Where, as here, a criminal statute is devoid of language creating a private right of action, a plaintiff cannot maintain a viable civil claim against a defendant for violation of that statute. *See, e.g., Love v. Delta Air Lines*, 310 F.3d 1347, 1352-53 (11th Cir. 2002) (indicating that criminal statutes generally do not provide a private cause of
(Continued)

-4-

The trouble is that it is impossible to discern from the factual allegations what Walker says the defendants did to infringe upon his Fourth Amendment right to be free from unreasonable search and seizure. At best, the Complaint references three interactions that Walker had with Mobile Police Department officers between May and August 2015, in which Walker claims they engaged in "taking false statements," "[b]eing barbaric," and "allow[ing] swindle;" received a telephone call that prompted Walker to be "guessing" that an officer "was going to show up and arrest [him] for something;" and notified Walker that "15 unknown complete strangers … didn't want [him] here," while being "negligent" and "rude."

None of these allegations appear to have anything to do with the Fourth Amendment, which protects against unreasonable searches and seizures. *See, e.g., May v. City of Nahunta, Georgia*, 846 F.3d 1320, 1327 (11th Cir. 2017) ("The Fourth Amendment protects people from unreasonable searches and seizures.") (citation omitted). Without a search or a seizure, of course, there can be no Fourth Amendment violation. *See, e.g., United States v. Bachner*, 706 F.2d 1121, 1125 (11th Cir. 1983) ("Two requirements must be met before a person may successfully prevail on a fourth amendment claim. First, there must be a search and seizure of that individual's person, house, papers or effects, conducted by an agent of the government."). The First Amended Complaint references violations of the Fourth Amendment on at least seven occasions; however, it identifies no facts suggesting that Walker was ever subject to a search or a seizure by a MPD officer or agent. He claims that officers were rude, that they took (or even made) false statements, and that they harassed him. Such allegations, even if proven, would not

---

action); *Woods Knoll, LLC v. City of Lincoln, Ala.*, 548 Fed.Appx. 577, 581 (11th Cir. Dec. 3, 2013) ("[P]ursuant to Alabama law, one claiming a private right of action within a statutory scheme must show clear evidence of a legislative intent to impose civil liability for a violation of the statute.") (citation and internal marks omitted); *Johnson v. Champions*, 990 F. Supp.2d 1226, 1245 (S.D. Ala. 2014) ("Absent some expression of Congressional intent to create a private right of action, a plaintiff cannot maintain a civil claim against a defendant for violation of a federal criminal statute."); *Christian v. Town of Riga*, 649 F. Supp.2d 84, 90 (W.D.N.Y. 2009) ("Generally, violations of the Criminal Code may not serve as the basis for a civil cause of action unless the statute includes an express or implied private right of action."); *Florance v. Buchmeyer*, 500 F. Supp.2d 618, 626 (N.D. Tex. 2007) ("a private citizen cannot enforce criminal statutes in a civil action"). Simply put, Walker cannot bring a civil cause of action against the City or the MPD for what he calls violations of an Alabama criminal statute, where nothing in the text of that statute could plausibly be read as creating a private right of action.

establish a Fourth Amendment violation. Simply put, Walker's pleading does not identify any facts that would implicate the Fourth Amendment.

Similarly, the First Amended Complaint mentions the phrase "false arrest" several times. A claim for false arrest requires, at a bare minimum, an arrest. *See, e.g., Shaw v. City of Selma*, --- F. Supp.3d ----, 2017 WL 1025677, *10 (S.D. Ala. Mar. 15, 2017) ("a § 1983 false arrest claim requires an arrest"); *Ex parte Harris*, --- So.3d ----, 2016 WL 4204837, *9 (Ala. July 29, 2016) ("A false arrest requires proof that the defendant caused [him] to be arrested without probable cause.") (citations and internal quotation marks omitted). The First Amended Complaint lacks any facts suggesting that defendants ever arrested Walker or caused Walker to be arrested during the incidents in question, much less tending to show that any such arrests were not supported by probable cause.

With respect to all of these claims, Walker offers conclusory statements that defendants violated his Fourth Amendment rights, that they falsely arrested him and so on. But he provides no facts to support these statements. As the *Twombly / Iqbal* line of authorities teaches, cursory labels and blanket statements do not suffice. Thus, Walker has fallen well short of the basic pleading requirements of the Federal Rules of Civil Procedure, as summarized above. Despite being given an opportunity in state court to replead his defective complaint, Walker continues to rely on vague and often incoherent factual allegations tethered to conclusory legal statements that defendants violated the Fourth Amendment or otherwise harmed him. That is simply not sufficient in a federal court pleading.[4]

In reaching this conclusion, the Court has taken into account Walker's *pro se* status. Although *pro se* pleadings are liberally construed, Walker's unrepresented status does not excuse him from compliance with procedural rules. *See, e.g., Moton v. Cowart*, 631 F.3d 1337, 1341

---

[4] Nor has Walker utilized his brief on the Motion to Dismiss to flesh out his claims in any meaningful way. For example, he says defendants were "gross[ly] negligent about the plaintiff[']s personal injuries caused by the defendant[']s oppressive and wanton actions" (doc. 6, at 3), but he does not identify what those "oppressive and wanton actions" were, who perpetrated them, how the City or the MPD might be legally responsible for them, how they caused "personal injuries" to Walker, or even what those "personal injuries" were. These kinds of conclusory labels divorced from meaningful facts are inadequate to state a claim or to overcome a motion to dismiss. The same goes for plaintiff's unexplained references to terms like "assault," "manslaughter" and "defamation of character." He has yet to provide the Court with any factual allegations that might lend plausible support to any of these labels.

n.2 (11th Cir. 2011); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (explaining that "we are to give liberal construction to the pleadings of *pro se* litigants," but that "we nevertheless have required them to conform to procedural rules") (citation omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* party "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," and may be sanctioned "for failure to comply with court orders"); Local Rule 83.9(b). Nor can Walker look to this Court to serve as his *de facto* legal counsel or to refashion, rewrite or reimagine his deficient First Amended Complaint on his behalf. *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

The remaining question is what action the Court should take, given these procedural failings in the First Amended Complaint. Defendants have asked that either this action be dismissed or that Walker be required to replead his claims in a Second Amended Complaint. Under the circumstances, the Court finds that the latter course of action is more appropriate. As a general rule, at least in the *pro se* context, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Odion*, 628 Fed.Appx. at 637.[5] On this record, the Court cannot categorically exclude the possibility that Walker may be able to state a cognizable claim against the City of Mobile and/or one or more of its police officers via a more carefully drafted complaint. For that reason, and in deference to his *pro se* status, Walker will be given one more opportunity to amend his complaint to identify the claims he wishes to assert, and to plead them with sufficient specificity to satisfy Rule 8 and the *Twombly / Iqbal* principles discussed in this Order.

Walker is cautioned that this Court cannot and will not give him legal advice, draft his complaint for him, or overlook pleading defects merely because he does not have a lawyer.

---

[5] *See also Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."); *Jemison v. Mitchell*, 2010 WL 2130624, *2 (11th Cir. May 27, 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice."); *Johnson*, 2013 WL 6062587, at *4 (allowing amendment, rather than dismissing complaint outright, where plaintiff was *pro se* and it was at least possible that a more carefully drafted complaint might state a claim).

Walker is further cautioned that this opportunity to amend his pleading will be his last chance to satisfy *Twombly* / *Iqbal*. If this second amended complaint (his third iteration of a pleading altogether) remains defective, then this action may be summarily dismissed. Accordingly, Walker is strongly advised to consult with legal counsel for assistance in identifying, framing and pleading any claims he might wish to assert in this action in a manner that conforms to applicable pleading standards, the Federal Rules of Civil Procedure, and substantive law.

### III. Conclusion.

For all of the foregoing reasons, it is **ordered** as follows:

1. Defendants' Motion to Dismiss or, in the Alternative, Motion for Definite Statement (doc. 2) is **granted**, as further set forth below;
2. Plaintiff is **ordered** to file a Second Amended Complaint that corrects the deficiencies described in this Order on or before **May 5, 2017**, failing which this file will be closed and judgment will be entered dismissing this action without prejudice;
3. Defendant's answer or other responsive pleading to the Second Amended Complaint must be filed on or before **May 19, 2017**; and
4. The Clerk's Office is directed to mail plaintiff a copy of this District Court's *Pro Se* Litigant Guide. Plaintiff is expected to familiarize himself with that document and to conduct himself in accordance therewith for the remainder of these proceedings.

DONE and ORDERED this 18th day of April, 2017.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE
