# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRANDON J. WALKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION 17-0117-WS-M |
| MOBILE POLICE DEPARTMENT, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on defendants' Motion to Dismiss Second Amended Complaint (doc. 11). The Motion has been briefed and is now ripe for disposition.

Plaintiff, Brandon J. Walker, who is proceeding *pro se*, has filed three successive iterations of a Complaint purporting to assert § 1983 claims against the Mobile Police Department and the City of Mobile for Fourth Amendment violations. Unfortunately, Walker's pleadings have been, and still remain, incomprehensible. In an eight-page Order (doc. 8) dated April 18, 2017, the Court granted defendants' Motion to Dismiss (doc. 2) Walker's First Amended Complaint on that ground.

In deference to Walker's *pro se* status, the Court's previous ruling took pains to identify the applicable legal standards and authorities and to explain in detail why the First Amended Complaint was inadequate to satisfy those standards and authorities. Among other things, the April 18 Order observed that: (i) "it is impossible to discern from the factual allegations what Walker says the defendants did to infringe upon his Fourth Amendment right" (doc. 8, at 5); (ii) "[n]one of these allegations appear to have anything to do with the Fourth Amendment" because they identify "no facts suggesting that Walker was ever subject to a search or a seizure by a MPD officer" (*id.*); (iii) Walker's false arrest claims lacked plausibility because he identified no facts "suggesting that defendants ever arrested Walker or caused Walker to be arrested during the incidents in question" (*id.* at 6); and (iv) plaintiff relied solely "on vague and often incoherent factual allegations tethered to conclusory legal statements that defendants violated the Fourth

Amendment or otherwise harmed him" (*id.*). In light of these shortcomings, the April 18 Order concluded that Walker's First Amended Complaint failed to satisfy minimum pleading standards as set forth in Rule 8 of the Federal Rules of Civil Procedure and the *Twombly* / *Iqbal* line of authorities.

Rather than dismissing this action outright because of the insufficient First Amended Complaint, the Court elected to allow Walker one more opportunity to amend his pleading and correct those defects. Thus, the April 18 Order directed Walker to file a Second Amended Complaint "that conforms to applicable pleading standards, the Federal Rules of Civil Procedure, and substantive law." (*Id.* at 8.) The April 18 Order strongly encouraged Walker to consult with legal counsel, and cautioned him that if his new amended complaint "remains defective, then this action may be summarily dismissed." (*Id.*)

On April 28, 2017, Walker filed his Second Amended Complaint (doc. 10). Not only did this pleading fail to address the defects enumerated in the April 18 Order, it was even less coherent and more impenetrable than its predecessor. Even after careful review of the Second Amended Complaint, the undersigned cannot perceive what claims Walker is bringing, how he contends defendants wronged him, or what the facts or legal theories underlying those claims might be. In his one-and-a-half-page Second Amended Complaint, Walker references "deformation and infringement," expresses dismay "why the defendants or court needs any information about the horrific continuous harassment and terrorism from the defendants," demands $1 million, and states that defendants wronged him by "starting an illusion and not letting me out of if it and slavery," "[w]ith concepts of Freddy Cougar films," "infringing a story on my true life character," and "infringing on my companies IP Lillie productions, sales and services." (Doc. 10, at 1-2.) Walker concludes his Second Amended Complaint by reiterating his demand for $1 million "for continuous faking and acting while wasting 24 hrs. of plaintiffs time." (*Id.* at 2.)

None of this makes any sense, much less conforms to the baseline pleading requirements delineated in the April 18 Order. The Second Amended Complaint does not give defendants fair notice of what Walker's claims are or the factual grounds upon which they rest. Plaintiff has not pleaded enough facts to state a plausible claim for relief. Even taking into account Walker's *pro se* status, his Second Amended Complaint falls far short of minimum legal standards for acceptable pleadings in federal court. This Court cannot overlook or excuse these glaring

deficiencies merely because Walker does not have a lawyer. Nor can this Court rewrite Walker's Second Amended Complaint for him or act as his *de facto* legal counsel to correct the defects in that pleading. Moreover, the undersigned is convinced that granting plaintiff a third opportunity to amend his Complaint would be a futile and unproductive endeavor; after all, even after receiving detailed guidance in the April 18 Order about what the law requires and why the First Amended Complaint was unacceptable, Walker regressed. Far from taking any tangible steps to fix the problems highlighted in the April 18 Order, Walker's Second Amended Complaint is even more muddled and further removed from compliance with minimum pleading standards than its predecessor.

In light of the foregoing, and for the reasons and authorities set forth at length in the April 18 Order, the Court finds that dismissal of this action for failure to plead plausible claims for relief in accordance with Rule 8 and *Twombly / Iqbal* is the only appropriate course of action. Accordingly, defendants' Motion to Dismiss (doc. 11) is **granted**. This action is **dismissed without prejudice** because, even after multiple amendments, plaintiff's Complaint fails to state a claim for relief that is plausible on its face, or that otherwise complies with the minimum requirements for pleadings in federal court.

DONE and ORDERED this 13th day of June, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE