# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRANDON J. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0117-WS-M |
| | ) |
| MOBILE POLICE DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on plaintiff Brandon J. Walker's Motion to Proceed without Prepayment of Fees (doc. 18) on appeal.

The Court has summarized the history of these proceedings in multiple previous orders. (*See* docs. 8, 15.) Plaintiff, Brandon J. Walker, who is proceeding *pro se*, brought this action against the Mobile Police Department and the City of Mobile. Even though he filed three successive iterations of a Complaint purporting to assert § 1983 claims against defendants for Fourth Amendment violations, Walker's pleadings were consistently incomprehensible. In a detailed Order (doc. 8) entered on April 18, 2017, the Court explained to Walker why his First Amended Complaint was inadequate to satisfy basic federal pleading requirements, and granted him an opportunity to correct the enumerated defects. Unfortunately, Walker's Second Amended Complaint (doc. 10) was even less coherent than its predecessor, providing no information as to what claims Walker was bringing, how he contended defendants wronged him, or what the underlying facts or legal theories might be.

Through this sequence of events, Walker demonstrated an inability or unwillingness to frame his complaint in a manner that gives defendants fair notice of what his claims are and the factual grounds upon which they rest. For that reason, the Court entered an Order (doc. 15) and Judgment (doc. 16) on June 13, 2017, dismissing this action without prejudice because, despite judicial guidance as to the specific inadequacies of his complaint and multiple corrective opportunities, Walker had persistently failed to submit a pleading that set forth a plausible claim

for relief against the named defendants. Walker now appeals, and seeks leave to do so *in forma pauperis*.

In general, "[t]o proceed on appeal *in forma pauperis*, a litigant must be economically eligible, and his appeal must not be frivolous." *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). Even if Walker could satisfy the economic eligibility requirement, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous. *See United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd*, 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F. Supp. 445 (D.C. D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (same).

For the reasons stated in the Orders entered on April 18, 2017 and June 13, 2017, the undersigned **certifies** that Walker's appeal is not taken in good faith because it is plainly frivolous. Under the circumstances presented here, no reasonable jurist could conclude either that any iteration of Walker's complaint satisfied minimum requirements for pleadings in federal court, or that he was entitled to more or different judicial guidance or opportunities to correct the glaring defects in his pleading prior to dismissal without prejudice.

Accordingly, Walker's Motion to Proceed without Prepayment of Fees (doc. 18) on appeal is **denied**.

DONE and ORDERED this 21st day of June, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE